UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RODOLFO REYES, MAURO COTE GUZMAN,
and ALEJANDRO HUERTA REYES, on behalf
of themselves and all other persons similarly
situated,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: __9.9.19__

Docket No.: 17-CV-2869 (JGK)

Plaintiffs,

-against-

PISTICCI RESTAURANT CORP., MICHAEL
FORTE and VIVIAN FORTE,

Defendants.
-------------------------------------------------------------X

## [PROPOSED] FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT

1.  Plaintiffs Rodolfo Reyes, Mauro Cote Guzman, Alejandro Huerta Reyes, and opt-in Plaintiff Jorge Neri (collectively as "Plaintiffs") have made an application, pursuant to Rule 23(e), Fed. R. Civ. P., which is unopposed, for an order approving settlement in the above entitled action ("the Lawsuit") of the claims alleged, in accordance with a Settlement Agreement and Release (the "Agreement"), which sets forth the terms and conditions for the settlement of this lawsuit brought against Defendants Pisticci Restaurant Corp., Michael Forte and Vivian Forte (collectively as "Defendants") and for dismissal of this lawsuit against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the Memorandum in Support and Declarations in Support of the Plaintiffs' motion for final approval of the settlement.

2. On January 14, 2019, this Court issued an order granting preliminary approval of the proposed Agreement and providing for notice of the settlement to the class. D.E. 97.

3. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the class as defined in the proposed Agreement. D.E. 97. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court scheduled a Fairness Hearing for September 6, 2019, to provide an opportunity for any objections to be heard and determine whether final approval of the settlement is appropriate. D.E. 97, 99.

4. In that order, the Court certified, pursuant to Fed. R. Civ. P. 23, for settlement purposes, the following Class: all individuals who have worked in non-managerial positions in the back of the house at Pisticci Restaurant, including but not limited to cooks, food preparers, dishwashers, and salad station workers at any time from April 20, 2011 through April 30, 2017. D.E. 97.

5. Class Counsel, through the Settlement Claims Administrator, has advised that no individuals have opted-out of the settlement and that no individuals have filed objections to the settlement. In addition, no one has advised that he or she will appear at the Fairness Hearing, and, in fact no one appeared at the Fairness Hearing, to voice objection or otherwise be heard to contest the settlement.

6. The Agreement provides for class counsel attorneys' fees in the amount of $183,333.33, which is approximately 33.33% percent of the total Gross Settlement Fund of $550,000.00, plus costs. In their application, Plaintiffs' counsel requests an award of

fees in the amount of $137,500.00, which is approximately twenty-five percent of the total Gross Settlement Fund of $550,000.00, and costs in the amount of $14,573.80.

7. The Agreement further provides for service awards in the following amounts: (1) Rodolfo Reyes to receive $7,500; (2) Mauro Cote Guzman to receive $2,500; (3) Alejandro Huerta Reyes to receive $2,500; and (4) Jorge Neri to receive $2,500.

8. The Agreement further provides for payment to the Settlement Claims Administrator in the among of $15,000.00 for its fees.

9. The proposed settlement, as set forth in the Agreement, including the award of attorneys' fees, costs, the service awards to the Plaintiffs, and the fees for the Settlement Claims Administrator, is approved. This Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness.

IT IS HEREBY ORDERED, that this Court has jurisdiction over the subject matter of this litigation, and over all parties to this litigation, including all members of the class.

FURTHER, that for purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

FURTHER, that this Court hereby approves the settlement set forth in the Agreement and finds that the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Plaintiffs and the class members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs implementation of all its terms and provisions.

FURTHER, that Plaintiffs and all other class members who have not properly and timely exercised their opt-out rights in this lawsuit are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting,

either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

FURTHER, that the notice given to the members of the class accurately informed the members of the class of the proposed settlement was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all members of the class complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

FURTHER, that Class Counsel is awarded attorneys' fees in the amount of $~~$137,500.00~~ $95,000.00 and costs in the amount of $14,573.80.

FURTHER, that the service awards in the following amounts are approved: (1) Rodolfo Reyes to receive $7,500; (2) Mauro Cote Guzman to receive $2,500; (3) Alejandro Huerta Reyes to receive $2,500; and (4) Jorge Neri to receive $2,500.

FURTHER, that Defendants are directed to distribute settlement funds to the Settlement Claims Administrator for distribution to Plaintiffs, Class Members and Plaintiffs' Counsel in accordance with the formula set forth in the Settlement Agreement, including the service awards and satisfy the employer obligations to pay all employer taxes and withholdings on the settlement amount from the total Gross Settlement Fund, all in accordance with the terms of the Settlement Agreement. Further, pursuant to the Agreement, any uncashed Settlement Checks or Service Awards and all amounts remaining six months after the mailing of the last Settlement Checks will revert to Defendants; and,

FURTHER, that without affecting the finality of this judgment in any way, this Court hereby retains jurisdiction over consummation and performance of the Settlement Agreement.

FURTHER, that the Clerk of the Court is directed to close this case on ___9/6___, 2019.

**IT IS SO ORDERED**:

_/s/ John G. Koeltl_

Hon. John G. Koeltl
United States District Judge

Dated: 9/6/19

_The Clerk is also directed to close all pending motions. So ordered._

_/s/ Koeltl_
_9/6/19. U.S.D.J._